JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 20-7273 PA (AGRx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Pao Tung et al v. Ford Motor Company et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| T. Jackson | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**          IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Ford Motor Company. ("Defendant"). (Dkt. 1 ("Removal").) The Notice of Removal alleges the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (Id. at 1.)

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004) (citing Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

Jurisdiction may be based on complete diversity of citizenship, requiring all plaintiffs to have a different citizenship from all defendants and for the amount in controversy to exceed $75,000.00. See 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-7273 PA (AGRx) | Date | August 17, 2020 |
|---|---|---|---|
| Title | Pao Tung et al v. Ford Motor Company et al. | | |

      Here, the Notice of Removal states, "[u]pon information and belief, at the time this action was commenced, Plaintiff Pao Tung was a resident of California." (Removal ¶12.) The Notice of Removal additionally alleges, "[u]pon information and belief, at the time this action was commenced, Plaintiff Tung Farms, Inc. was incorporated under the laws of the State of California, with its principal place of business in the State of California." (Removal ¶13.) Because an individual is not necessarily domiciled where he or she resides, Defendant's allegations concerning the citizenship of Pao Tung, based on an allegation of residence, are insufficient to establish Plaintiff's citizenship. Kanter, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). Moreover, Defendant's allegations of the residence of Pao Tung, and the principal place of business and state of incorporation of Tung Farms, Inc., are made on "information and belief." "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendant's allegations related to the citizenship of both Pao Tung and Tung Farms, Inc. are insufficient to invoke this Court's diversity jurisdiction.

      For these reasons, the Court concludes that Defendant Ford Motor Company has not met the burden of showing this Court has subject matter jurisdiction over plaintiffs' claims. This action is therefore remanded to the Superior Court of California for the County of Los Angeles, Case No. 20STCV25986, for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.